J-S44014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAHEIM RIGGINS, | |
| Appellant | No. 37 EDA 2016 |

Appeal from the Judgment of Sentence Entered November 6, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):
CP-51-CR-0011009-2013
CP-51-CR-0012347-2013
CP-51-CR-0012349-2013
CP-51-CR-0012351-2013
CP-51-CR-0012352-2013
CP-51-CR-0013662-2013

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

JUDGMENT ORDER BY BENDER, P.J.E.:          **FILED SEPTEMBER 26, 2017**

Appellant, Raheim Riggins, appeals from the judgment of sentence of an aggregate term of 36 to 72 years' incarceration, imposed after he was convicted of numerous offenses including, *inter alia*, rape, aggravated assault, unlawful restraint, indecent assault, burglary, criminal conspiracy, and carrying a firearm without a license. After careful review, we are constrained to remand for further action by the trial court.

For purposes of our present disposition, we need only note that Appellant was charged in six separate cases, which were all consolidated for trial. Following his conviction and sentencing, he filed timely post-sentence

motions in each case. Those motions were ultimately denied, and Appellant filed timely notices of appeal in each case. The trial court then directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Problematically, Appellant chose to file six ***different*** (albeit similar) Rule 1925(b) statements in each of his cases. Apparently, the trial court did not realize that Appellant was filing multiple concise statements. While the court ultimately drafted a well-reasoned and detailed opinion, it inadvertently erred by concluding that Appellant had waived his sufficiency of the evidence claim(s) based on the single Rule 1925(b) statement the court assessed. More significantly, the court also did not address two weight-of-the-evidence issues raised by Appellant in the cases pertaining to victims Joanne Hawkins and Earle Wilson.[1]

Consequently, we are constrained to remand this case for the trial court to draft a new opinion. We direct the court to address the following five issues raised by Appellant on appeal (which we determine were preserved through our examination of Appellant's six post-sentence motions and six Rule 1925(b) statements):

> 1. Whether the evidence was insufficient to sustain a verdict of guilty [in the cases involving Ms. Hawkins, Mr. Wilson, and J.B.K.,] where the victims were unable to identify [Appellant] as the person who committed the crimes[?]

---

[1] To avoid such confusion in the future, Appellant's counsel should consolidate all claims in one post-sentence motion and one Rule 1925(b) statement.

2. Whether the verdict was against the weight of the credible evidence where[,] although a statement was read into the record from Appellant regarding his supposed involvement in the robbery of Earle Wilson, there was no other valid independent or corroborating evidence[?]

3. Whether the verdict was against the weight of the credible evidence in that[,] although a statement was read into the record from [Appellant] regarding his supposed involvement in the robbery and assault of J.B.K., there was no DNA analysis, no identification or other independent or corroborating evidence[?]

4. The verdict was against the weight of the credible evidence in that[,] although a statement was read into the record from [Appellant] regarding his supposed involvement in the sexual assault of Ms. Hawkins, the lack of identification along with the DNA evidence at trial showed otherwise.

5. Whether the trial court imposed an illegal, excessively punitive sentence where [the] aggregate sentence (36 to 72 years) amounts to a life sentence for [] Appellant and Appellant received an illegal sentence on the indecent assault[?] The [c]ourt failed to consider the guidelines in fashioning an appropriate sentence and failed to provide adequate reasons on the record.

Appellant's Brief at 7-8.

We direct that the trial court file its new opinion with this Court within 45 days of the filing date of this judgment order.

Case remanded. Jurisdiction retained.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/26/2017

- 3 -